**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

William Lee Roseboro, Jr., Appellant.

Appellate Case No. 2022-001551

———————

Appeal From Sumter County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-331
Submitted September 1, 2025 – Filed October 1, 2025

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, all for Respondent.

———————

**PER CURIAM:** William Lee Roseboro, Jr., appeals his conviction for possession with the intent to distribute marijuana and sentence of eight years' imprisonment. On appeal, Roseboro argues the trial court erred by admitting drug evidence

because the State failed to establish a sufficient chain of custody; specifically, Roseboro contends the chain of custody was insufficient without testimony from an employee at Roseboro's apartment complex. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by admitting the drug evidence because the State established a sufficient chain of custody. Although Roseboro contends the chain of custody was insufficient without the testimony of an apartment complex employee, there was no testimony or evidence providing an employee received the drug evidence during the controlled delivery to Roseboro. *See State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002))); *State v. Hatcher*, 392 S.C. 86, 94, 708 S.E.2d 750, 754 (2011) ("Courts have abandoned inflexible rules regarding the chain of custody and the admissibility of evidence in favor of a rule granting discretion to the trial courts."); *id.* at 95, 708 S.E.2d at 755 ("Evidence is still required as to how the item was obtained and how it was handled to ensure that it is, in fact, what it is purported to be."); *id.* (explaining, however, that "[t]he State need not establish the identity of every person handling fungible items in all circumstances; rather, the standard is whether, in the discretion of the trial judge, the State has established the chain of custody as far as practicable"); *State v. Taylor*, 360 S.C. 18, 25, 598 S.E.2d 735, 738 (Ct. App. 2004) ("[I]f the identity of each person in the chain handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion is shown in the admission [of the evidence], absent proof of tampering, bad faith, or ill-motive."); *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 629 n.1, 614 S.E.2d 642, 646 n.1 (2005) ("Whether the chain of custody has been established as far as practicable . . . depends on the unique factual circumstances of each case.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.